Anthony Pike v. State of Arizona, et al.

Maricopa County Superior Court No. CV2018-000241

Exhibit A:      Civil Cover Sheet

Exhibit B:      Supplemental Cover Sheet

Exhibit C:      Complaint

Exhibit D:      Certificate of Compulsory Arbitration

Exhibit E:      Summons

Exhibit F:      Maricopa County Superior Court Civil Cover Sheet

Exhibit G:      Notice of Intent to Dismiss for Lack of Service

Exhibit H:      Certificate of Service by a Private Person

Exhibit I:      Waiver of the Service of Service of Summons for Jennifer Lauren Bryner

Exhibit J:      Maricopa County Superior Court Docket

Exhibit K:      Verification signed by Stephanie Elliott

# Exhibit C

# Complaint

MICHAEL K. JEANES
Clerk of the Superior Court
By Angela Slaughter Romero, Deputy
Date 01/19/2018 Time 15:47:18
Description                    Amount
--------- CASE# CV2018-000241 ---------
CIVIL NEW COMPLAINT            322.00

TOTAL AMOUNT                   322.00
         Receipt# 26365593

David J. Don (016462)
LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-696-7756
Email: david@azcivilrights.com


Jason D. Lamm (018454)
Law Office of Jason Lamm
6245 North 24th Pkwy, Ste. 208
Phoenix, AZ  85016-2030
Tel: (602) 222-9237
Fax: (602) 222-2299
Email: jlamm@cyberlawaz.com

*Attorneys for Plaintiff Anthony Pike*

## IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

|  |  |  |
|---|---|---|
| ANTHONY PIKE, a single man, | ) | Case No.:   CV 2018-000241 |
|  | ) |  |
| Plaintiff, | ) | **COMPLAINT** |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| STATE OF ARIZONA, a body politic, entity; JENNIFER LAUREN BRYNER, in her individual capacity. | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants | ) |  |

Plaintiff alleges:

## INTRODUCTION

1.     This case arises from Defendants' grossly negligent and false police

investigation resulting in the malicious prosecution of a young college student with no connection to the crime. Investigating officers from Arizona State University Police Department fabricated evidence and lied both in their written reports and under oath. As a result, a young man has suffered and will continue to suffer from the defamation of his name and malicious prosecution.

## JURISDICTION AND VENUE

2.   This case is brought pursuant to Arizona and federal law.

3.   Plaintiff State of Arizona was served with a valid and timely notice of claim pursuant to ARS § 12-821.01.

4.   The Court has jurisdiction.

5.   Venue is proper pursuant to ARS § 12-822(B).

6.   Plaintiff demands a trial by jury.

## PARTIES

7.   Plaintiff Anthony Pike has been, at all relevant times, a resident of Pima County, Arizona.

8.   Defendant State of Arizona is a body politic with administrative jurisdiction over the Arizona State University Police Department. The State is the employer, master, and/or principal of each individual ASUPD personnel, including Defendant Jennifer Lauren Bryner, who participated in the investigation and/or criminal prosecution of Anthony Pike.

9.   Defendant Jennifer Lauren Bryner is a law enforcement officer employed by the State of Arizona and working at the Arizona State University Police Department. At all times relevant, Defendant Bryner was in the course and scope of her employment with the State of Arizona.

10.   All acts and/or omissions of Defendants were done under color and pretense

of the statutes, ordinances, regulations, customs, and usages of the State of Arizona.

## COMMON FACTS

11.     On June 28, 2014 in Tempe, Arizona, the named C.K. met Juan Manuel ("Manny") Aranda. The two exchanged text messages via their respective mobile phones. They had consensual sexual intercourse in the back of Manny's car.

12.     Later in the evening, Manny and the C.K. went to C.K.'s home. Manny commented on the C.K.'s video game collection. The two again had consensual, albeit rough sexual intercourse.

13.     Manny gestured to the C.K. that he was leaving her residence. A short time after he had left, she noticed that several video games were missing.

14.     C.K. confronted Manny about the theft via text message. Manny admitted to having stolen them.

15.     C.K. thereafter reported the matter to the Arizona State University Police Department (ASUPD). She advised that she believed that Manny wrestled for a college in Iowa and she identified his picture on a Facebook page associated with that wrestling team. She provided screen shots of her texts messages with Aranda to police. Those messages contained Aranda's mobile phone number.

16.     Defendant Jennifer Lauren Bryner or other ASUPD employees looked at the Iowa college wrestling website and saw a picture of a wrestler, Anthony Pike, and for inexplicable reasons, summarily concluded that Pike was an alias for Manny Aranda.

17.     C.K. was not shown this picture to identify this as the person whom the Bryner unilaterally believed from the website picture to be Pike, the Iowa college was not contacted, Anthony Pike was not interviewed, the subscriber or user information of the mobile number used by Manny to communicate (and admit the crime) with C.K.

was not investigated or verified, nor were any outside databases checked to confirm that the person in the photo had any relation to Aranda's crimes, or that the person was even Pike.

18.     Defendant Jennifer Lauren Bryner or other ASUPD employees requested that the Maricopa County Attorney's Office (MCAO) charge Anthony Pike with various criminal offenses.

19.     On December 17, 2014, based on the representations of Defendant Jennifer Lauren Bryner or other ASUPD employees, MCAO filed a direct complaint charging Anthony Pike with burglary, a class three felony, and theft, a class one misdemeanor.

20.     On October 28, 2016, ASUPD Officer Craig Mancini testified before a Maricopa County Grand Jury.  He falsely testified that C.K. identified Anthony Pike as the person with whom she had sexual relations and who thereafter stole her video games.  As a result, a grand jury indictment was returned charging Anthony Pike with one count of burglary, a class three felony, and theft, a class one misdemeanor.

21.     Anthony Pike suffered considerable stress upon learning that he was facing criminal charges, in the process of defending those same criminal charges, and in dealing with the negative impact those charges had on his efforts to gain employment.

22.     On January 19, 2017, MCAO moved to dismiss the above captioned case, without prejudice, on grounds that "[t]he person who has appeared in Court does not appear to be the person who committed this offense."

23.     MCAO stipulated that Anthony Pike did not commit the crimes charged in the indictment, and that his arrest was wrongful; as defined by *State* v. *Mohajerin*, 226 Ariz. 103, 244 P.3d 107(App. 2010).

24.   Anthony Pike had no involvement in the crimes for which he was charged. He is actually innocent and a court has issued an order to this effect.

25.   On January 20, 2017, the Maricopa County Superior Court dismissed the criminal case against Pike.

### FIRST CAUSE OF ACTION – Malicious Prosecution
### (Against State of Arizona)

26.   Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

27.   This Cause of Action is brought pursuant to Arizona law.

28.   Defendant initiated or caused a criminal proceeding to be brought against Anthony Pike.

29.   The prosecution terminated in Anthony Pike's favor.

30.   The prosecution lacked probable cause.

31.   Defendant acted with malice or with a primary purpose other than to bring him to justice.

32.   As a direct and proximate result of Defendant's acts, omissions, and constitutional violations alleged above, Anthony Pike suffered mental anguish, emotional distress, bodily injury, and wage loss in an amount to be proven at trial.

### SECOND CAUSE OF ACTION-GROSS NEGLIGENCE
### (State of Arizona)

33.   Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

34.   This Cause of Action is brought pursuant to Arizona common law.

35.   Defendant had a legal duty of care to Anthony Pike.

36.   Defendant fell below the standard of care in the investigation of Anthony Pike.

37.   Defendant State of Arizona, Defendant Jennifer Lauren Bryner and/or other ASUPD employees knew or had reason to know facts that would have lead a reasonable person to realize that their conduct created an unreasonable risk of substantial harm to Anthony Pike.

38.   The conduct of Defendant through its agents created a high probability that substantial harm would result to Anthony Pike.

39.   As a direct and proximate result of Defendant's acts, omissions, and constitutional violations alleged above, Anthony Pike suffered substantial harm, including mental anguish, emotional distress, physical symptoms, and wage loss in an amount to be proven at trial.

## THIRD CAUSE OF ACTION- Negligent Infliction of Emotional Distress (Against State)

40.   Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

41.   This Cause of Action is brought pursuant to Arizona common law.

42.   As described above, the conduct of each Defendant was extreme and outrageous.

43.   Defendant either intended to cause emotional distress or recklessly disregard the near certainty that such distress would result from their conduct.

44.   As a result of each Defendants conduct, Anthony Pike was caused to endure severe emotional distress.

45.   In addition, as a direct and proximate result of Defendants' acts, omissions,

and violations alleged above, Anthony Pike suffered substantial harm, including mental anguish, emotional distress, physical symptoms, and wage loss in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION -Malicious Prosecution
### (Against Defendant Jennifer Lauren Bryner)

46.    Plaintiff re-alleges by reference every allegation contained above as though more fully set forth herein.

47.    This Cause of Action is brought pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983.

48.    Defendant Jennifer Lauren Bryner initiated or caused a criminal proceeding to be brought against Anthony Pike

49.    The Defendant's criminal prosecution of Anthony Pike terminated in his favor.

50.    The prosecution lacked probable cause.

51.    Defendant acted with malice, or with a primary purpose other than to bring Anthony Pike to justice.

52.    Defendant acted with the intent to deprive Anthony Pike of equal protection of the laws and intended to subject him to a denial of his constitutional rights.

53.    As a direct and proximate result of Defendant's acts, omissions, and constitutional violations alleged above, Anthony Pike suffered substantial harm, including mental anguish, emotional distress, physical symptoms, and wage loss in an amount to be proven at trial.

***WHEREFORE***, Plaintiff pray for judgment against Defendants as follows:

> A.    For general damages experienced by Anthony Pike;

B.     For past and future loss of earnings/loss of earning capacity;

C.     For punitive damages against Defendant Bryner

D.     For attorneys' fees and costs pursuant to 42 U.S.C. Sect. 1988.

E.     For Plaintiff's court costs incurred herein and legal interest, pursuant to ARS § 12-823; and

F.     For such other and further relief as the Court may deem just and proper.

Dated this 19th day of January 2018.


By: _____

David J. Don
Jason D. Lamm
*Attorneys for Plaintiff Anthony Pike*

-8-

# Exhibit D

# Certificate of Compulsory Arbitration

1  Jason D. Lamm (018454)
   Law Office of Jason Lamm
2  6245 North 24th Pkwy, Ste. 208
   Phoenix, AZ 85016-2030
3  Tel: (602) 222-9237
4  Fax: (602) 222-2299
   Email: jlamm@cyberlawaz.com
5
   David J. Don (016462)
6  LAW OFFICE OF DAVID J. DON, PLLC
7  301 E. Bethany Home Rd., Suite B-100
   Phoenix, Arizona 85012
8  Tel: 480-948-1212
   Fax: 480-696-7756
9  Email: david@azcivilrights.com
10
   *Attorneys for Plaintiff Anthony Pike*
11
12          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
13              IN AND FOR THE COUNTY OF MARICOPA
14                                          CV 2018-000241
15  ANTHONY PIKE, a single man,        )  Case No.:
                                       )
16              Plaintiff,             )  **CERTIFICATE OF COMPULSORY**
                                       )  **ARBITRATION**
17      vs.                            )
                                       )
18  STATE OF ARIZONA, a body politic,  )
19  entity; JENNIFER LAUREN BRYNER,    )
    in her individual capacity.        )
20                                     )
            Defendants.                )
21                                     )
22
23
24          The undersigned certifies that the largest award sought by Plaintiff,
25  including punitive damages, but excluding interest, attorney's fees and costs,
26  includes injunctive relief and DOES exceed the limits set by Local Rule for

1  compulsory arbitration.  This case IS NOT subject to the Rules of Procedure for

2  Arbitration.

3          RESPECTFULLY SUBMITTED THIS 19th January 2018.

4

5  By: _____

6  David J. Don
   *Attorney for Plaintiff Anthony Pike*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Exhibit E

# Summons

ORIGINAL



MICHAEL K. JEANES, CLERK
RECEIVED ONE OUT SIDE
DEPOSITORY
18 APR 20    PM 1: 04
CHRIS DEROSE, Clerk
By _____
J. Waybill, Deputy

1  Jason D. Lamm (018454)
2  Law Office of Jason Lamm
   6245 North 24th Pkwy, Ste. 208
3  Phoenix, AZ 85016-2030
   Tel: (602) 222-9237
4  Fax: (602) 222-2299
   Email: jlamm@cyberlawaz.com
5
6  David J. Don (016462)
   LAW OFFICE OF DAVID J. DON, PLLC
7  301 E. Bethany Home Rd., Suite B-100
   Phoenix, Arizona 85012
8  Tel: 480-948-1212
   Fax: 480-696-7756
9  Email: david@azcivilrights.com

10 *Attorneys for Plaintiff Anthony Pike*

11

12           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

13                 IN AND FOR THE COUNTY OF MARICOPA

14

15 ANTHONY PIKE, a single man,      )  Case No.:   CV 2018-000241
                                    )
16              Plaintiff,          )       **SUMMONS**
                                    )
17      vs.                         )
                                    )  If you would like legal advice from a lawyer,
18 STATE OF ARIZONA, a body politic,)    contact the Lawyer Referral Service at
   entity; JENNIFER LAUREN BRYNER,  )            602-257-4434
19 in her individual capacity.      )                or
                                    )      www.maricopalawyers.org
20              Defendants.         )          Sponsored by the
21                                  )     Maricopa County Bar Association

22

23 TO DEFENDANT STATE OF ARIZONA:

24          **YOU ARE HEREBY SUMMONED** and required to appear and defend, within

25 the time applicable in this action in this Court.  If served within Arizona, you shall appear and
   defend within 20 days after the service of the Summons and Complaint upon you, exclusive the
26 day of service.  If served out of the State of Arizona - whether by direct service, by registered or

                                      -1-

certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; ARS § § 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. **RCP 10(d); ARS § 12-311; RCP 5.**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

The names and address of Plaintiff's attorney is:

David J. Don, Esq.
LAW OFFICES OF DAVID J. DON, P.L.L.C
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel:    480.948.1212
Fax: 480.696.7756
E-mail:  david@azcivilrights.com

SIGNED AND SEALED this date: _____ JAN 1 9 2018 _____

MICHAEL K. JEANES, CLERK

Clerk

By: _____

Deputy Clerk

A. S. Romero
Deputy Clerk

-2-

# Exhibit F

# Maricopa County Superior Court Civil Cover Sheet

**In the Superior Court of the State of Arizona**
**In and For the County of** _____

# CV2018-000241

(Please type or print)

Plaintiff's Attorney   David J. Don / Jason Lamm

Attorney Bar Number   016462 / 018454

| Is Interpreter Needed? ☐ Yes ☒ No |
| If yes, what language: |
| A.S. ROMERO, FILED |
| 2018 JAN 19 PM 3: 47 |

Plaintiff's Name(s): (List all)     Plaintiff's Address:          Phone #:          Email Address:

Anthony Pike

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)     State of Arizona, Jennifer Lauren Bryner

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

Case No._____

## 130 CONTRACTS:

☐131 Account (Open or Stated)
☐132 Promissory Note
☐133 Foreclosure
☐138 Buyer-Plaintiff
☐139 Fraud
☐134 Other Contract (i.e. Breach of Contract)
☐135 Excess Proceeds-Sale
☐Construction Defects (Residential/Commercial)
    ☐136 Six to Nineteen Structures
    ☐137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

☐156 Eminent Domain/Condemnation
☐151 Eviction Actions (Forcible and Special Detainers)
☐152 Change of Name
☐153 Transcript of Judgment
☐154 Foreign Judgment
☐158 Quiet Title
☐160 Forfeiture
☐175 Election Challenge
☐179 NCC-Employer Sanction Action
    (A.R.S. §23-212)
☐180 Injunction against Workplace Harassment
☐181 Injunction against Harassment
☐182 Civil Penalty
☐186 Water Rights (Not General Stream Adjudication)
☐187 Real Property
☐Special Action against Lower Courts
    (See lower court appeal cover sheet in Maricopa)

☐194 Immigration Enforcement Challenge
    (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See lower court appeal cover sheet in Maricopa)
☐150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐155 Declaratory Judgment
☐157 Habeas Corpus
☐184 Landlord Tenant Dispute- Other
☐190 Declaration of Factual Innocence
    (A.R.S. §12-771)
☐191 Declaration of Factual Improper Party Status
☐193 Vulnerable Adult (A.R.S. §46-451)
☐165 Tribal Judgment
☐167 Structured Settlement (A.R.S. §12-2901)
☐169 Attorney Conservatorships (State Bar)
☐170 Unauthorized Practice of Law (State Bar)
☐171 Out-of-State Deposition for Foreign Jurisdiction
☐172 Secure Attendance of Prisoner
☐173 Assurance of Discontinuance
☐174 In-State Deposition for Foreign Jurisdiction
☐176 Eminent Domain– Light Rail Only
☐177 Interpleader– Automobile Only
☐178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐183 Employment Dispute- Discrimination
☐185 Employment Dispute-Other
☐195(a) Amendment of Marriage License
☐195(b) Amendment of Birth Certificate
☒163 Other  civil rights/malicious prosecution
                    (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one
of the following:

☐Antitrust/Trade Regulation
☐Construction Defect with many parties or structures
☐Mass Tort
☐Securities Litigation with many parties
☐Environmental Toxic Tort with many parties
☐Class Action Claims
☐Insurance Coverage Claims arising from the above-listed case types
☐A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

**Exhibit G**

**Notice of Intent to Dismiss for Lack of Service**


Office Distribution

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
03/28/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

03/24/2018

COURT ADMINISTRATION

**Case Number:** CV2018-000241

**Anthony Pike**

**V.**

**State Of Arizona**

---

The Judge assigned to this action is the Honorable Daniel Kiley

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 01/19/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 04/19/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - Integrated Court Information System
## Endorsee Party Listing
Case Number: CV2018-000241

| Party Name | Attorney Name | |
|---|---|---|
| Anthony Pike | David J Don | Bar ID: 016462 |

**Exhibit H**

**Certificate of Service by a Private Person**

Rickie McTheny (#8315 MARICOPA COUNTY)
JBN LEGAL SUPPORT SERVICE, L.L.C.
8910 N. CENTRAL AVE
Phoenix, AZ 85020
623-229-9291



18 APR 23 PM 1: 04

CHRIS DEROSE, Clerk
By J. Wayfall, Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

ANTHONY PIKE, a single man
          Plaintiff

STATE OF ARIZONA, a body politic, entity;
JENNIFER LAUREN BRYNER, in her individual
capacity

          Defendants

Case No: CV2018-000241

CERTIFICATE OF SERVICE
BY A PRIVATE PERSON
Arizona Rules of Court 80(1)

Type of Document(s)    SUMMONS; COMPLAINT, CERTIFICATE OF COMPULSORY ARBITRATION

I personally served true copies of the above listed documents on the person listed below.

ENTITY SERVED:    STATE OF ARIZONA
HOW SERVED:    PERSONALLY ON LISA FISCHER accepting service as RECEPTIONIST, ARIZONA
                 ATTORNEY GENERAL OFFICE
AT:    2005 N. CENTRAL AVE., PHOENIX, AZ
ON:    APRIL 19, 2018
TIME:    4:13 PM

The undersigned certifies under penalty of perjury that I am fully qualified under 4(d), 4(c), and 45(d) to serve
process in this action within the state of Arizona; having been so appointed and registered by the Superior Court of
Maricopa County, Arizona, and that the above is true and accurate.

DECLARANT:    Rickie McTheny
                 d.b.a. JBN Legal Support Service, L.L.C.
                 APRIL 22, 2018

CHARGE
DOC FEE:    $  20.00
MILEAGE    $  12.00
ISSUE / PICK-UP    $  12.00
CERT.    $   5.00

TOTAL:    $  49.00
DD

# Exhibit I

# Waiver of the Service of Service of Summons for Jennifer Lauren Bryner

Chris DeRose, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
5/3/2018 2:02:00 PM
Filing ID 9313924

1  David J. Don (016462)
   LAW OFFICE OF DAVID J. DON, PLLC
2  301 E. Bethany Home Rd., Suite B-100
3  Phoenix, Arizona 85012
   Tel: 480-948-1212
4  Fax: 480-696-7756
   Email: david@azcivilrights.com
5

6  Jason D. Lamm (018454)
7  Law Office of Jason Lamm
   6245 North 24th Pkwy, Ste. 208
8  Phoenix, AZ 85016-2030
   Tel: (602) 222-9237
9  Fax: (602) 222-2299
   Email: jlamm@cyberlawaz.com
10

11  *Attorney for Plaintiff Anthony Pike*

12          IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

13             IN AND FOR THE COUNTY OF MARICOPA

14

15  ANTHONY PIKE, a single man,          )  Case No.: CV2018-000241
                                         )
16          Plaintiff,                   )  **WAIVER OF THE SERVICE OF**
                                         )  **SERVICE OF SUMMONS FOR**
17  vs.                                  )  **JENNIFER LAUREN BRYNER**
                                         )
18                                       )
    STATE OF ARIZONA, a body politic,    )
19  entity; JENNIFER LAUREN BRYNER,      )
    in her individual capacity.          )
20                                       )
                                         )
21          Defendants                   )
                                         )
22  _____ )

23      TO: <u>David J. Don, attorney for Plaintiff Anthony Pike</u>

24      I acknowledge receipt of your request that I waive service of summons in

25  this action, *Pike v. State of Arizona, et al.,* which is case number CV2018-000241

26

-1-

in the Maricopa County Superior Court, Arizona.  I have also received a copy of the complaint, certificate of arbitration and the summons, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the expense of serving a summons and an additional copy of the complaint in this case.  I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I understand that a judgment may be entered against the parties on whose behalf I am action, if an answer or a motion under Rule 12 is not served upon you within 30 days after April 18, 2018.

Dated this ___19ᵗʰ___ day of April 2018.

Neil Singh, Esq.
Arizona Attorney General's Office
Liability Management Section
2005 N Central Ave.
Phoenix, AZ 85004
Tel: 602-542-7620
Email: neil.singh@azag.gov
Attorney authorized to accept or waive
service on behalf of the following
Defendant(s):
Jennifer Lauren Bryner

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# Exhibit J

# Maricopa County Superior Court Docket

# Public Access View



Entry | Inquiry | Administrative | Tasks                    Help

Docket   CV2018000241 - Pltf: Anthony Pike - JO: Daniel Kiley - (CVJ13) - Subcat: 163 - Other - Status: 22 - Not Subject to ARB - 22

### Existing Dockets in Case

| | Image | Filing Date | ME Date | Docket Date | Type | Filed By | Associated Parties |
|---|---|---|---|---|---|---|---|
| 7 | | 5/3/2018 | | 5/5/2018 | WSS - Waiver Of Service Of Summons | Don, David (Attorney) | (1) Anthony Pike |
| | | | | | *(WAIVER OF THE SERVICE OF SERVICE OF SUMMONS )* | | |
| 5 | | 4/23/2018 | | 4/27/2018 | AFS - Affidavit Of Service | The Court | none |
| | | | | | *(STATE OF ARIZONA)* | | |
| 6 | | 4/20/2018 | | 4/27/2018 | SUM - Summons | The Court | none |
| 4 | | 3/28/2018 | 3/24/2018 | 3/28/2018 | 322 - ME: Notice Of Intent To Dismiss | The Court | none |
| 3 | | 1/19/2018 | | 1/23/2018 | CSH - Coversheet | Don, David (Attorney) | (1) Anthony Pike |
| 2 | | 1/19/2018 | | 1/23/2018 | CCN - Cert Arbitration - Not Subject | Don, David (Attorney) | (1) Anthony Pike |
| 1 | | 1/19/2018 | | 1/23/2018 | COM - Complaint | Don, David (Attorney) | (1) Anthony Pike |

Return

# Exhibit K

# Verification signed by Stephanie Elliott

<u>VERIFICATION</u>

STATE OF ARIZONA     )
                        ) ss.
COUNTY OF MARICOPA )

    I, STEPHANIE ELLIOTT, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

    1.    I am the attorney for Defendants in the matter of *Anthony Pike v. State of Arizona, et al.*, CV2018-000241, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Daniel Kiley.

    2.    On May 18, 2018, I filed a Notice of Removal under 28 U.S.C. § 1441(a) seeking to remove, *Anthony Pike v. State of Arizona, et al.*, CV2018-000241 to the United States District Court for the District of Arizona.

    3.    In compliance with 28 U.S.C. § 1441(a) and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County, *Anthony Pike v. State of Arizona, et al.,* CV2018-000241. Also attached is a true and accurate copy of the court docket in *Anthony Pike v. State of Arizona, et al.*, CV2018-000241.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

    DATED this 18th day of May, 2018.

STEPHANIE ELLIOTT

#7040834