**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Pike, | No. CV-18-01515-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Defendants State of Arizona and Jennifer Bryner (collectively "Defendants") have filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Arizona Revised Statutes §§ 12-821, 12-821.01.[1] (Doc. 8.) The motion is fully briefed. (Docs. 21, 23.) As set forth below, the Court grants the motion to dismiss as to the federal claim asserted in Count Four and remands the remaining state laws claims to the Maricopa County Superior Court.

## I. Background

On January 19, 2018, Plaintiff filed his Complaint against Defendants in the Maricopa County Superior Court. (Doc. 1-1 at 4-10.)[2] The Complaint alleges state law

---

[1] Defendants failed to comply with LRCiv 12.1 because they did not confer with Plaintiff before filing the motion to dismiss. (Doc. 21 at 2; Doc. 23 at 1.) In their reply, Defendants assert that they have since conferred with Plaintiff's counsel and offered to stipulate to an amended complaint that cured the issues raised in the motion. (Doc. 23 at 1-2.) Defendants state that Plaintiff declined to amend the Complaint at that time. (*Id.* at 2.)

[2] The Complaint is Exhibit C to the notice of removal (Doc. 1), and it is located at pages 3-10 of docket 1-1. The exhibits to the notice of removal were filed as a single attachment to that notice. (Doc. 1-1 (including exhibits A-K).)

claims against the State of Arizona for malicious prosecution (Count One), gross negligence (Count Two), and negligent infliction of emotional distress (Count Three). (Compl. ¶¶ 26-9.)[3] The Complaint also alleges a federal malicious prosecution claim against Defendant Bryner pursuant to 42 U.S.C. § 1983 (Count Four).[4] (*Id*. at ¶¶ 46-53.) Defendants removed the Complaint to this Court on May 18, 2018, invoking this Court's original jurisdiction over Plaintiff's federal claim and supplemental jurisdiction over his state law claims. (Doc. 1 at 1-3.)

The Complaint alleges that in 2014, Defendant Bryner, an officer with the Arizona State University Police Department ("ASUPD"), was assigned to investigate the alleged theft of several video games from the home of a victim identified as "C.K." (*Id*. at ¶¶ 13-16.) C.K. told ASUPD officers, including Bryner, that a man named Juan Manuel Aranda had stolen the video games on the night that she met him. (*Id*. at ¶¶ 11-15.) C.K. told ASUPD officers she believed that Aranda was on the wrestling team for a college in Iowa and she identified his photograph on a Facebook page associated with the college wrestling team. (*Id*. at ¶ 15.) She also gave the police officers screen shots of text messages she exchanged with Aranda in which he admitted to the theft. (*Id*. at ¶¶ 14, 15.) The text messages included Aranda's mobile phone number. (*Id*. at ¶ 15.) Defendant Bryner or other ASUPD officers viewed the Facebook photograph and then looked at the wrestling website for the Iowa college. (*Id*. at ¶ 16.) Plaintiff alleges that Defendant Bryner saw a photograph of a wrestler on that website and concluded that it was Aranda when in fact it was Plaintiff. (*Id*.) Plaintiff alleges that for "inexplicable reasons" Defendant Bryner concluded that Pike was an alias for Aranda. (*Id*.)

Plaintiff alleges that Defendant Bryner failed to show the photograph from the Iowa college website to C.K. for identification, contact the Iowa college, investigate the

---

[3] Citations to "Compl. ¶" are to specific paragraphs of the Complaint. (Doc. 1-1 at 3-10.)

[4] Plaintiff identifies his four separate claims as causes of action. (Doc. 1-1 at 7, 9.) The Court refers to Plaintiff's separate claims as Counts One, Two, Three, and Four.

phone number from C.K.'s text messages with Aranda, or check outside databases to confirm that the person in the photograph had a connection to the alleged crime. (*Id*. at ¶ 17.) Plaintiff further alleges that Defendant Bryner or other ASUPD employees requested that the Maricopa County Attorney's Office ("MCAO") file a criminal complaint charging him with various criminal offenses. (*Id*. at ¶ 19.) The MCAO filed a criminal complaint in 2014 charging Plaintiff with burglary and theft. (*Id.*) On September 15, 2016, Plaintiff made an initial appearance in the Maricopa County Superior Court in relation to the criminal charges. (Doc. 8, Ex. 1.) At the initial appearance, Plaintiff was appointed a public defender, pleaded not guilty, and was released on his own recognizance. (*Id*.) On October 28, 2016, the Maricopa County Grand Jury returned an indictment formally charging Plaintiff with burglary and theft. (Compl. ¶ 20.) Plaintiff alleges that ASUPD Officer Craig Mancini "falsely testified" at the grand jury proceedings that C.K. had identified Plaintiff as the person who had stolen her video games. (*Id*.) Plaintiff alleges that he "suffered considerable stress upon learning that he was facing criminal charges," in defending those charges, and in dealing with the negative impact of those charges on his efforts to gain employment. (*Id*. at ¶ 21.)

On January 19, 2017, the MCAO moved to dismiss the criminal matter. (*Id*. at ¶ 22.) The MCAO stipulated that Plaintiff did not commit the crimes charged in the indictment and that his arrest was wrongful. (*Id*. at ¶ 23.) The criminal case against Plaintiff was dismissed on January 20, 2017. (*Id*. at ¶ 25.) Plaintiff filed a notice of claim with the State on July 5, 2017. (Doc. 8, Ex. 2.) Plaintiff filed his Complaint on January 19, 2018. (Doc. 1-1 at 3-10.) Defendants move to dismiss the Complaint in its entirety.

**II. Standard for Rule 12(b)(6) Motion to Dismiss**

When a defendant files a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court construes the complaint in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The

court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the plaintiff's favor, and views the complaint in the light most favorable to the plaintiff. *Id.* at 555. Although "detailed factual allegations" are not necessary to meet the plaintiff's pleading requirement, the plaintiff must, at a minimum, set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570.

On review of a motion to dismiss, the court may generally only consider allegations in the pleadings, exhibits attached to the complaint, and matters that are subject to judicial notice. *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004). However, "the court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).[5]

## III. Defendants' Motion to Dismiss

Defendants move to dismiss the Complaint on the following grounds: (1) Plaintiff's federal claim of malicious prosecution fails to state a claim; (2) Plaintiff's state law claim of malicious prosecution fails to state a claim; and (3) Plaintiff's state law claims for negligence and negligent infliction of emotional distress are barred because Plaintiff's notice of claim and Complaint were not timely filed under Arizona law. (Doc. 8.) Plaintiff disputes these assertions. (Doc. 21.)

### A. Malicious Prosecution Claims

In Count One, Plaintiff asserts a state law malicious prosecution claim against the State. (Compl. ¶¶ 26-32.) Under Arizona law, a malicious prosecution claim exists when a defendant "(1) instituted a civil action which was (2) motivated by malice, (3) begun without probable cause, (4) terminated in plaintiff's favor, and (5) damaged plaintiff." *Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313, 1319 (Ariz. 1988). For

---

[5] Defendants attached several documents related to the underlying criminal proceeding and Plaintiff's state law claims to their motion to dismiss. (Doc. 8, Exs. 1, 2.) Plaintiff does not object to Defendants' submission of the documents. (Doc. 21.) Therefore, this Court can consider the exhibits without converting the motion to dismiss into a motion for summary judgment.

- 4 -

purposes of a malicious prosecution under Arizona law, the element of malice can be proven by showing that the defendant used the action for "a primary purpose other than that of bringing an offender to justice." *Lantay v. McLean*, 406 P.2d 224, 225 (Ariz. Ct. App. 1965); *see also Frey v. Stoneman*, 722 P.2d 274, 277 (Ariz. 1986).

In Count Four, Plaintiff alleges a federal malicious prosecution claim against Defendant Bryner under 42 U.S.C. § 1983. (Compl. ¶¶ 46-53.) A plaintiff may bring an action under § 1983 to redress violations of his "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-95 (1978). Plaintiff's federal claim for malicious prosecution depends, in part, on the elements of malicious prosecution under Arizona law. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (looking to California law when analyzing a § 1983 malicious prosecution claim.)

However, a claim for malicious prosecution is not cognizable under § 1983 if a remedy is available within the state judicial system.[6] *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "[A]n exception exists to [this] general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Therefore, to establish a § 1983 malicious prosecution claim, a plaintiff must show that the purpose of the allegedly malicious prosecution was to deny "'equal protection or another specific constitutional right.'" *Awabdy*, 368 F.3d at 1066 (quoting *Freeman*, 68 F.3d at 1189) (emphasis added).

The Ninth Circuit has found that a plaintiff states a § 1983 malicious prosecution claim when he alleges that the defendants acted with a purpose of depriving him of his right to equal protection by causing the prosecutor to bring an unfounded action against

---

[6] In Arizona, a remedy for malicious prosecution is available. *See Cullison v. City of Peoria*, 584 P.2d 1156, 1160 (Ariz. 1978).

- 5 -

him because of racial animus. *See Awabdy,* 368 F. 3d at 1070 (allegations of racial animus toward Arab Americans); *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 624 (9th Cir. 1988) (finding complaint sufficiently alleged a § 1983 claim of malicious prosecution when plaintiff alleged that defendants subjected him to a criminal trial and appeals through a case that they fabricated and that defendants' actions were taken because of plaintiff's national origin, race, and political views); *Usher*, 828 F.2d at 562 (noting that plaintiff's allegations that police officers used racial epithets that demonstrated racial animus were sufficient to bring plaintiff's claim for malicious prosecution within the scope of § 1983, "under the exception for a malicious prosecution intended to deprive a person of the equal protection of the laws."). The Ninth Circuit has also found that a plaintiff properly alleged a § 1983 malicious prosecution claim based on allegations that the defendants' malicious conduct was done for the purpose of depriving the plaintiff of his constitutional rights to free speech by unlawfully interfering with his campaign for reelection. *Awabdy,* 368 F. 3d at 1070.

Defendants cite *Awabdy* and *Usher* and quote the Ninth Circuit's statements in those cases that a § 1983 malicious prosecution claim requires a showing that the defendants acted for the purpose of denying the plaintiff equal protection or another specific constitutional right. (Doc. 8 at 5 (quoting *Awabdy*, 368 F.3d at 1066; *Usher*, 828 F.2d at 562).) However, Defendants do not explicitly recognize the different requirements for federal and state malicious prosecution claims and it appears that they conflate the element of malice with the requirement for a § 1983 claim that a defendant acted for the purpose of denying equal protection or other constitutional rights.

Defendants do not argue that Count Four fails to state a claim because Plaintiff has not sufficiently alleged that Defendant Bryner acted with the purpose to deny Plaintiff's constitutional rights. Instead, Defendants assert that the Complaint does not sufficiently allege the element of malice for Plaintiff's federal or state malicious prosecution claims. (Doc. 8 at 4 ("Since malice is a required element of both of these federal and state claims, and malice is defined identically for both purposes, Defendants move to dismiss

Plaintiff's First and Fourth Causes of Action for failure to state a claim.").) Defendants also argue that *Usher* demonstrates that Counts One and Four do not sufficiently allege malice. (Doc. 8 at 5-6.)

The Court, however, concludes that *Usher* demonstrates that Count Four does not sufficiently allege that Defendant Bryner acted with a purpose to deny Plaintiff's constitutional rights. In *Usher*, the plaintiff alleged that defendants illegally arrested him, contrived charges, submitted false police reports, and initiated a criminal prosecution against him in bad faith, and that the prosecution was terminated in his favor. *Id*. The plaintiff also alleged that police called him particular racial epithets. *Id*. The court concluded that plaintiff's allegation that police had called him two racial epithets, which the court found "sufficient to demonstrate racial animus," was enough to constitute "malicious prosecution intended to deprive a person of the equal protection of the laws." *Id*. Thus, the court concluded that the allegations that defendants used racial epithets were sufficient to bring the plaintiff's claim for malicious prosecution within the scope of § 1983, "under the exception for a malicious prosecution intended to deprive a person of the equal protection of the laws." *Id*. In this case, as set forth below, Count Four does not include any allegations of racial animus or other purpose to deprive Plaintiff's constitutional rights.

### 1. Count Four

The Complaint alleges that Defendant Bryner "caused a criminal proceeding to be brought against" him, that she "acted with malice, or with a primary purpose other than to bring [him] to justice," and that she "acted with the intent to deprive [him] of equal protection of the laws and intended to subject him to a denial of his constitutional rights." (Compl. ¶¶ 48, 51-52.) Plaintiff alleges that Defendant Bryner "looked at the Iowa college wrestling website," saw a "picture of a wrestler, Anthony Pike," and concluded that "Pike was an alias for Manny Aranda." (*Id*. at ¶ 16.) Plaintiff alleges that Defendant Bryner did not show the photograph to the victim, did not contact the Iowa college, did

not interview Plaintiff, did not investigate Aranda's cellphone records, and did not check outside databases. (*Id.* at ¶ 17.)

Defendants assert that these allegations do not sufficiently allege malice to support a § 1983 claim for malicious prosecution. (Doc. 8 at 5-6.) In his response, Plaintiff asserts that his allegations in ¶ 51 of the Complaint are sufficient to allege that Defendant Bryner acted "with a primary purpose other than to bring him to justice." (Doc. 21 at 6.) That paragraph alleges that Defendant Bryner "acted with malice, or with a primary purpose other than to bring [Plaintiff] to justice." (Compl. ¶ 51.) The Complaint also alleges that Defendant Bryner "acted with malice, or with a primary purpose other than to bring [him] to justice, and that she acted with the "intent to deprive [him] of equal protection of the laws." (Compl. ¶ 52.) Although these conclusory allegations constitute "[t]hreadbare recitals of the elements of a cause of action," they are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unlike *Usher* in which plaintiff alleged that police officers used two particular racial epithets that displayed racial animus, Plaintiff does not allege any facts to support his conclusions that Defendant Bryner acted with "intent to deprive [him] of equal protection of the laws." (Compl. at ¶¶ 51-52.) Therefore, Plaintiff has not stated a cognizable claim for malicious prosecution under § 1983.[7]

### 2. Count One

Defendants also assert that the Complaint does not sufficiently allege the elements of a malicious prosecution claim under Arizona law, specifically malice and an absence of probable cause. (Doc. 8 at 7.) Defendants argue that the Court should dismiss Count One for "reasons similar to the analysis governing the federal claim against Bryner." (*Id.*) Defendants' argument fails because the Court dismisses the federal malicious prosecution claim because Plaintiff does not sufficiently allege that Defendant Bryner

---

[7] Plaintiff declined to amend his complaint to cure deficiencies noted in the motion to dismiss. (*See* Doc. 23 at 2.) Therefore, the Court does not grant Plaintiff leave to amend Count Four.

- 8 -

acted to deny his constitutional rights. The Court does not address whether the Complaint sufficiently alleges the element of malice.

As set forth above in Section III.A, to state a federal claim of malicious prosecution, Plaintiff must allege that the prosecution was conducted "with the intent to deprive [him] of equal protection of the laws or [was] otherwise intended to subject [him] to a denial of constitutional rights." *See Bretz*, 773 F.2d at 1031. In contrast, under Arizona law, a plaintiff may establish the element of malice in a malicious prosecution claim by showing that the defendant used the action for "a primary purpose other than that of bringing an offender to justice." *Lantay*, 406 P.2d at 225. Thus, unlike the requirements to state a § 1983 malicious prosecution claim, a plaintiff asserting a malicious prosecution claim under Arizona law is not required to allege that the defendant's purpose was to "deny[] [plaintiff] equal protection or another specific constitutional right." *See Awabdy*, 368 F.3d at 1066. Therefore, the Court's ruling on Count Four does not resolve Defendants' motion to dismiss the state law malicious prosecution claim asserted in Count One. The Court declines to decide the issue of state law raised in Defendants' motion to dismiss Count One.

## B. Remaining State Law Claims

Defendants removed the Complaint to this Court asserting federal question jurisdiction based on Plaintiff's § 1983 malicious prosecution claim in Count Four. (Doc. 1 at 2.) In this order, the Court dismisses that federal claim, which was the only claim over which it had original jurisdiction. The propriety of removal jurisdiction generally is determined at the time of removal, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939), and "a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings." *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986). Additionally, a plaintiff cannot compel remand by amending their complaint to eliminate the federal claims that provided the basis for removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc*., 159 F.3d 1209, 1213 (9th Cir. 1998). However, federal courts have the

discretion to remand remaining supplemental state law claims when retaining jurisdiction would be inappropriate. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c).").

A district court may to decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When exercising its discretion, the court considers the interests in "economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001. The Supreme Court has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Harrell*, 934 F.2d at 205 (holding that in the usual case "it is generally preferable for a district court to remand remaining pendent claims to state court"). However, the statement "[t]hat state law claims 'should' be dismissed if federal claims are dismissed before trial . . . has never meant that they must be dismissed." *Acri*, 114 F.3d at 1000 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (9th Cir. 1966)).

In this case, the factors stated in *Arci* weigh in favor of the Court declining to exercise jurisdiction over the remaining state law claims in the Complaint. *See Acri*, 114 F.3d at 1001. No judicial economy will be lost at this early stage in this case by returning the case to state court. It will be as convenient and fair to the parties to litigate the state law claims in state court. Moreover, Plaintiff's remaining claims may require the interpretation of Arizona law, and the Arizona courts have "a greater interest and expertise in resolving state law claims." *Spooner v. City of Phoenix*, 2014 WL 584263, at *1, *4 (D. Ariz. Feb. 14, 2014) (granting defendants' motion for summary judgment as to plaintiff's federal claim under 42 U.S.C. § 1983 only and *sua sponte* remanding the remaining state law claims to state court pursuant to 28 U.S.C. § 1367(c).). Therefore,

the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims, declines to rule on Defendants' motion to dismiss those claims, and remands Plaintiff's remaining claims to state court

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 8) is **GRANTED only** as to Count Four, and Count Four and Defendant Jennifer Bryner are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to rule on Defendants' motion to dismiss Counts One, Two, and Three of the Complaint. (Doc. 8 at 7-12.)

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to **REMAND** Case No. CV-18-1515-PHX-BSB to the Maricopa County Superior Court.

Dated this 14th day of August, 2018.

*[signature]*
Bridget S. Bade
United States Magistrate Judge